KELLY, Judge.
Miguel Menchaca-Ramirez appeals from the order denying his Motion to Vacate/Set Aside Judgment and Sentence under Florida Rule of Criminal Procedure 3.850. We reverse the order and remand for further proceedings.
In 2008, Menchaca-Ramirez entered a nolo contendere plea to uttering a forged instrument, driving while license suspended (habitual offender), and several other offenses. He was adjudicated guilty and sentenced to a total of 364 days in jail followed by two years’ probation. In 2011, Menchaca-Ramirez admitted to violating his probation. The court revoked Mencha-ca-Ramirez’s probation and sentenced him to concurrent terms of fourteen months’ incarceration on the uttering a forged instrument and driving while license suspended convictions; the sentences on the remaining counts were unchanged.
Thereafter, Menchaca-Ramirez sought to withdraw his admission to violating his probation on the ground that it was involuntary. He claimed that his counsel did not advise him that under the Immigration and Nationality Act, a sentence exceeding one year would aggravate his two convictions for uttering a forged instrument making him deportable with no ability to seek relief.[1] Menchaca-Ramirez contended that if counsel had informed him he would be ineligible to request relief in removal proceedings he would not have admitted the violation and would have proceeded to trial.
The postconviction court held an eviden-tiary hearing on Menchaca-Ramirez’s motion. No testimony was taken as Mencha-ca-Ramirez had been deported, and the *381 court accepted the stipulation of defense counsel that she advised Menchaca-Ra-mirez that his admission “may” have immigration consequences and that he should talk to an immigration lawyer if he was concerned. The court cited the transcript of the 2011 plea colloquy where the court informed Menchaca-Ramirez, “if you are not a United States citizen, this plea would subject you to deportation.” The court found this language sufficient to place Menchaca-Ramirez on notice of the immigration consequences of his plea and denied the motion.
“[W]hen the deportation consequence [of a plea] is truly clear ... the duty to give correct advice is equally clear.” Padilla v. Kentucky, 559 U.S. 356, 357, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Here, unlike his original plea, Menchaca-Ramirez’s admission to the probation violation resulted in his mandatory deportation and eliminated his eligibility for deportation relief. Under these particular circumstances, even if the trial court’s deportation warning during the plea colloquy is considered sufficient, it does not cure the prejudice resulting from counsel’s failure to advise Menchaca-Ramirez of the “truly clear” deportation consequences of his admission as required by Padilla. See Hernandez v. State, 124 So.3d 757, 763 (Fla.2012).
Reversed and remanded.
BLACK, J., Concurs.
ALTENBERND, J., Concurs specially.

. See 8 U.S.C. § 1227(a)(2)(A)(i) (2012) (stating that any alien who is convicted of a crime of moral turpitude and receives a sentence of one year or longer is deportable); 8 U.S.C. § 1229b(b)(l)(C) (2012) (providing that the attorney general can cancel removal under certain circumstances but not if the alien has been convicted under 8 U.S.C. § 1227(a)(2) (2012)).